IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

WILLIE FORREST,

                    Plaintiff,

      v.

DENIS MCDONOUGH, United States
Secretary of Veterans Affairs,

                Defendant.

Case No. 20-cv-4134

Judge Jorge L. Alonso

## MEMORANDUM OPINION AND ORDER

Defendant Denis McDonough, United States Secretary of Veterans Affairs

("Defendant"),[1] has moved for summary judgment on all of plaintiff Willie Forrest's claims in

his First Amended Complaint. Plaintiff asserts that Defendant discriminated against him on the

bases of race and age, retaliated against him on the basis of his prior protected activity,

constructively discharged him, and failed to accommodate his disability. Plaintiff brings his

claims pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq*. ("Title

VII"), the Age Discrimination in Employment Act of 1967, 29 U.S.C. 621 *et seq*. ("ADEA"),

and the Rehabilitation Act of 1973, 42 U.S.C. § 1981a., and 5 U.S.C. §§ 7702, 7703(b). For the

---

[1] Although this case was originally filed against Robert Wilkie, United States Secretary of
Veterans Affairs, the current United States Secretary of Veterans Affairs is Denis McDonough.
*See* Fed. R. Civ. P. 25(d) ("An action does not abate when a public officer who is a party in an
official capacity dies, resigns, or otherwise ceases to hold office while the action is pending. The
officer's successor is automatically substituted as a party. Later proceedings should be in the
substituted party's name, but any misnomer not affecting the parties' substantial rights must be
disregarded. The court may order substitution at any time, but the absence of such an order does
not affect the substitution.").

reasons that follow, Defendant's motion for summary judgment [58] is granted and Plaintiff's claims are dismissed.

## I.    BACKGROUND[2]

Plaintiff Willie Forrest ("Forrest"), a former employee of the Department of Veterans Affairs, filed complaints with the Equal Employment Opportunity Commission ("EEOC") in 2015 and 2016 alleging that he had been subjected to a hostile work environment based on his age, race, and disability and in reprisal for protected activity, and that he had been constructively discharged from his position. (Am. Compl. ¶¶ 2, 9, 11, ECF No. 8; MSPB Initial Decision 1-2, ECF No. 8-1.). When he did not receive an agency decision within 120 days, Forrest filed an appeal to the Merit Systems Protection Board ("MSPB") alleging the Department had created a hostile work environment by refusing to accommodate his disability and retaliating against him for prior EEOC activity.  (Am. Compl. ¶ 13, ECF No. 8).

An Administrative Law Judge ("ALJ") with the MSPB found that Forrest failed to overcome the presumption that his retirement was voluntary because he failed to show that the agency coerced him into retiring by, for example, threatening unjustified adverse action against him or creating intolerable working conditions. (MSPB Initial Decision 8, 13, ECF No. 8-1.) Consequently, the ALJ dismissed Forrest's appeal for want of jurisdiction over the underlying personnel action and therefore over his allegations of discrimination and retaliation. (*Id*. at 13-14.)

---

[2] The facts set forth in the "Background" section are undisputed by the parties unless otherwise noted.

Accompanying the MSPB decision was a "NOTICE TO APPELLANT" stating in part,

"[t]his initial decision will become final on **March 2, 2017**[.]" (*Id*. at 14.) The notice further

stated, in pertinent part,

### NOTICE TO THE APPELLANT REGARDING YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the United States Court of Appeals for the Federal Circuit. . . . The court must receive your request for review no later than 60 calendar days after the date this initial decision becomes final. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the federal law that gives you this right. It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012).

(*Id*. at 18-19.)

On April 6, 2017, Forrest filed with the United States Court of Appeals for the Federal

Circuit an appeal of the decision of the MSPB. On September 8, 2017, the Federal Circuit

dismissed Forrest's appeal for want of jurisdiction. (Order 2, ECF No. 8-2.) The Federal Circuit

also ordered that the case be transferred to this Court, saying:

Pursuant to 28 U.S.C. § 1631, this court may, if it is in the interest of justice, transfer an action or appeal to another court in which the action or appeal could have been brought. Because judicial review of a Board decision in a mixed case that includes a discrimination claim is assigned to the district court, rather than this court, we transfer this petition for review to the United States District Court for the Northern District of Illinois, where Mr. Forrest resides.

(*Id*.) The Federal Circuit included in its decision a footnote, which states:

This court received Mr. Forrest's petition on April 6, 2017, 35 days after the Board's decision became final. Pursuant to 5 U.S.C. § 7703(b)(2), Mr. Forrest had 30 days after receiving notice of the Board's decision to file a civil action in federal

district court.  This court will leave to the district court to determine whether his petition was timely filed.

(*Id*. at 3.)

Although it was September 2017 when the Federal Circuit issued its order transferring the case to the Northern District of Illinois, the transfer did not actually occur until July 14, 2020, nearly three years later. It is unclear (to this Court as well as the parties) why the transfer took so long. After the transfer finally occurred, Forrest filed an amended complaint. Defendant moved to dismiss the case as untimely. This Court denied the motion because Forrest did not allege the elements of Defendant's statute-of-limitations affirmative defense in his amended complaint. (Order, ECF No. 15). This Court reasoned that Forrest does not allege when he "received notice" of the judicially reviewable action, and so timeliness issues were better considered on a motion for summary judgment. (*Id*. at 3.)

The parties undertook discovery, during which it was revealed that Forrest received notice of the MSPB by email the same day that it was entered—January 26, 2017. Defendant moves for summary judgment, arguing, among other things, that all of Forrest's claims must be dismissed as untimely.

## II.    LEGAL STANDARD

Summary judgment shall be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). When considering a motion for summary judgment, the Court must construe the evidence and make all reasonable inferences in favor of the non-moving party.  *Hutchison v. Fitzgerald Equip. Co., Inc.*, 910 F.3d 1016, 1021 (7th Cir. 2018). Summary judgment is appropriate when the non-moving party "fails to make a showing sufficient to establish the existence of an element essential to the party's case and on which that party will bear the burden of proof at trial."

*Celotex v. Catrett*, 477 U.S. 317, 322 (1986). In other words, failure to support any essential element of a claim renders all other facts immaterial. *Id*. at 323. "A genuine issue of material fact arises only if sufficient evidence favoring the nonmoving party exists to permit a jury to return a verdict for that party." *Brummett v. Sinclair Broadcast Group, Inc.*, 414 F.3d 686, 692 (7th Cir. 2005).

## III.     DISCUSSION

The MSPB has jurisdiction to review certain adverse personnel decisions including a termination, suspension, grade reduction, or furlough. 5 U.S.C. § 7512. If the employee believes discriminatory animus is involved in the challenged personnel action, the MSPB has the power to resolve such "mixed cases" as well. *See* 5 U.S.C. § 7702; *Perry v. Merit Sys. Prot. Bd.*, 582 U.S. 420, 426 (2017) ("Under § 7702(a)(1), mixed cases qualify as cases of discrimination subject to § 7702." (cleaned up) (citations omitted)); *Kloeckner v. Solis*, 568 U.S. 41, 44 (2012). If the MSPB dismisses a mixed case for want of jurisdiction, "the district court is the proper forum for judicial review." *Perry*, 582 U.S. at 437.

This is a mixed case appeal of an MSPB decision dismissing Forrest's claims for want of jurisdiction. Defendant argues, among other things, that this case was untimely filed and should therefore be dismissed. The Court agrees.

The federal statute under which the Federal Circuit transferred the case states that this case is considered as filed on the date Forrest filed it in the Federal Circuit, *i.e.*, April 6, 2017. Specifically, the transfer statute states,

> Whenever a civil action is filed in a court . . . and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action or appeal to any other such court in which the action or appeal could have been brought . . . *and the action or appeal shall proceed as if it had been filed in or noticed for the court to which it is transferred on the date upon which it was actually filed in . . . the court from which it is transferred*.

5

28 U.S.C. § 1631 (emphasis added). The Court thus proceeds as if Forrest had filed the case in this Court on April 6, 2017, the date he filed it in the Federal Circuit.

It is undisputed that Forrest had to file his appeal with the reviewing court "within 30 days after the date the individual filing the case received notice of the judicially reviewable action." 5 U.S.C. § 7703(b)(2). In this case, the MSPB dismissed Forrest's case for want of jurisdiction on January 26, 2017, and it is undisputed that Forrest received notice of it that same day. Under Section 7703, Forrest then had 30 days—or until February 25, 2017—to bring suit in federal court. Forrest failed to do so, instead waiting until April 6, 2017. [3] Accordingly, Forrest's claims are untimely and must be dismissed. *Lax v. Mayorkas*, 20 F.4th 1178, 1181 (7th Cir. 2021) (affirming dismissal of employment discrimination complaint appealing agency decision that was filed one day late).

Forrest does not dispute that the deadline for filing his appeal was February 25, 2017, or that he failed to meet that deadline. He argues instead that equitable estoppel and equitable tolling apply to excuse his untimeliness. Equitable estoppel is inapplicable here because it only applies where "the defendant takes active steps to prevent the plaintiff from suing in time," and Forrest makes no allegation or argument that Defendant did anything to interfere with Forrest's timely filing of suit. *See Cada v. Baxter Healthcare Corp.*, 920 F.2d 446, 450-51 (7th Cir. 1990) (citations omitted).

"Equitable tolling . . . is reserved for situations in which the claimant 'has made a good faith error (*e.g.,* brought suit in the wrong court) or has been prevented in some extraordinary

---

[3] It is worth noting that even if the limitations clock started on the day the MSPB decision became final (March 2, 2017) as noted by the Federal Circuit, the 30-day limitations period would have expired on April 1 and so the filing of the appeal on April 6 would still be untimely.

way from filing his complaint in time.'" *Threadgill v. Moore U.S.A., Inc.*, 269 F.3d 848, 850 (7th Cir. 2001) (quoting *Jones v. Madison Serv. Corp.*, 744 F.2d 1309, 1312 (7th Cir.1984)). It is an "extraordinary remedy that is 'rarely granted.'" *Carpenter v. Douma*, 840 F.3d 867, 870 (7th Cir. 2016) (quoting *Obriecht v. Foster*, 727 F.3d 744, 748 (7th Cir. 2013)).

First, Forrest spends most of his brief arguing that it would be unfair to Forrest if the case were dismissed simply because it was initially filed in the wrong court. But that fact has no bearing on the untimeliness of his appeal—it is undisputed that Forrest did not file his appeal in any federal court within the limitations period.

Second, Forrest argues that the Federal Circuit "found that in the interest of justice this appeal would be transferred" pursuant to 28 U.S.C. § 1631, and that "justice is not served" in the "letter and spirit of fairness" of Section 1631 if Forrest is not allowed to have his appeal heard. (Pl.'s Mem. of Law in Opp'n to Def.'s Mot. for Summary Judgment 3-4, ECF No. 64.) Forrest argues that "[t]he circumstances that supported this case to be transferred to a court in which it could have been brought, necessarily should be sufficient to support why the case should be heard." (*Id*. at 4.) But Forrest does not explain to which "circumstances" he refers. The Federal Circuit's Order transferred the case "in the interest of justice" because "judicial review of a Board decision in a mixed case that includes a discrimination claim is assigned to the district court, rather than this court[.]" (Order 2-3, ECF No. 8-2.) Nothing about the Federal Circuit's Order, or Section 1631, suggests that it would be unfair to enforce the applicable statute of limitations in this case.

Nor does Forrest elaborate in any meaningful way on what "circumstances" prevented him from timely filing his appeal (in either the Federal Circuit or the United States District Court for the Northern District of Illinois). The Federal Circuit's Order expressly noted the potential

timeliness issue and left open for "the district court to determine whether his petition was timely

filed." (*Id*. at 3.) Perhaps Forrest attempts to address this issue when he nebulously states that he

"timely met the guidelines to effectuate his appeal to the Federal Circuit." (*Id*.) Because Forrest

does not dispute the applicable statute of limitations or the date on which he filed his appeal, it is

possible that by "guidelines," Forrest refers to the "NOTICE TO APPELLANT" accompanying

the MSPB decision. Although Forrest does not expressly mention it, that notice states that

Forrest must file his appeal "no later than 60 calendar days after the date this initial decision

becomes final," citing to 5 U.S.C. § 7703(b)(1)(A). (MSPB Initial Decision 18, ECF No. 8-1.)

However, that section is inapplicable to Forrest's case, which is indisputably governed by the 30-

day limitations period for "cases of discrimination" in 5 U.S.C. § 7703(b)(2). Besides, the notice

further directs Forrest to review his right to appeal under "Title 5 of the United States Code,

section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012)." (*Id*.) Any confusion or

miscalculation as to the applicable limitations period is "not sufficient to warrant equitable

tolling." *Lawrence v. Florida*, 549 U.S. 327, 336 (2007). "If credited, this argument would

essentially equitably toll limitations periods for every person whose attorney missed a deadline."

*Id*; *see also Lombardo v. United States*, 860 F.3d 547, 553 (7th Cir. 2017) (a lawyer's mistake in

identifying when the statute of limitations began to run did not warrant equitable tolling of the

limitations period); *Lee v. Cook Cty., Ill.*, 635 F.3d 969, 973 (7th Cir. 2011) ("A lawyer's

ineptitude does not support equitable tolling.").

Forrest fails to identify any good faith error or extraordinary circumstances that warrant

equitable tolling of the limitations period. Forrest's case is time-barred. The Court declines to

consider the merits of Forrest's discrimination claims.

## IV.    CONCLUSION

Summary judgment is granted in Defendant's favor, and this case is dismissed as untimely. Civil case terminated.

**SO ORDERED.**                                              **ENTERED: July 20, 2023**

**HON. JORGE ALONSO**
**United States District Judge**